FRED H. WINDELS

v.

MILWAUKEE HARVESTER COMPANY.

*Guaranty--Notes--Payment of—Consideration—Agency.*

In an action brought to recover upon the guaranty of certain promissory notes, this court holds that in view of a contract between the parties hereto, calling for the indorsement by defendant of certain classes of notes received in a given business, the liability was a continuing one, and required such indorsement, when the contingency provided for arose, and that the contention upon the part of the defendant that the guaranty in question was a subsequent transaction, and was obtained without any new consideration, can not avail him.

[Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Montgomery County; the Hon. JACOB FOUKE, Judge, presiding.

Mr. G. L. ZINK, for appellant.

Messrs. McWILLIAMS & SON, for appellee.

WALL, J. This was assumpsit upon a guaranty of certain promissory notes. The case was tried by the court, a jury being waived, and judgment was rendered in favor of the plaintiff for $354, from which the defendant has prosecuted an appeal to this court.

The only question of importance is as to a consideration for the guaranty, which was placed on the notes several months after they were executed to the makers thereof. Appellant insists that the guaranty was a subsequent transaction and was obtained without any new consideration. Hence, it is argued the guaranty does not bind him.

It appears that appellant was the agent of appellee, the scope of the agency being the sale of machinery manufactured by appellee to persons living within certain territory within which appellant resided. This agency was evidenced by a written agreement, which, among other things, authorized the

sale of machinery on credit to responsible parties under certain conditions, which need not be specifically stated in full, and which provided that when any note taken by appellant for property so sold, was not accompanied by a "property statement," or by a chattel mortgage, or should upon examination prove doubtful, it should be indorsed by him.

The notes in question were taken in this way, and some months after their dates, appellant had a settlement with the general agent of appellee, in which they were turned over to the appellee as so much money, and appellant was credited with his commissions for making these and other sales. At the time of this settlement these notes, which were not secured by chattel mortgage, but which were accompanied by "property statements," were presented to appellant for his indorsement, and he thereupon indorsed them, writing his name below the printed form of guaranty on each one. The liability to do this was expressly provided for in the contract of agency, where it was stipulated that where any note should upon examination prove doubtful, he would indorse it.

The liability was a continuing one and required his action whenever the contingency arose. The mere fact of the presentation of the notes to him for that purpose and his immediate act of indorsing would clearly indicate that both parties considered the case within the contingency. Appellant acquiesced in the proposition tacitly advanced by appellee that the notes were such as he was bound under the contract to indorse. There is nothing in the record to show the contrary, and for all that appears these notes were not only doubtful but utterly worthless.

Having by his conduct admitted that he was required to indorse the notes under the contract, and the appellee having under such circumstances taken the guaranty from him, and presumably having relied upon his personal responsibility therefor, it may well be doubted whether he could be permitted long afterward to show that the notes were not then doubtful.

Upon the case as it appears in the record the judgment is certainly right and it will be affirmed.

*Judgment affirmed.*